

United States District Court
Southern District of Texas
ENTERED

MAY 01 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| DANNY L. MACCUNE, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-99-207 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-158-01 |
| UNITED STATES OF AMERICA, | § | |
|     Defendant-Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Danny L. Maccune ("Maccune") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) claiming that his attorney was ineffective for failing to argue for a fifty (50) percent downward departure in his sentence pursuant to U.S.S.G. § 5K1.1; for failing to argue that his Presentence Report Criminal History Category III overstated his criminal history; for failing to request a downward departure as a minor participant pursuant to U.S.S.G. § 3B1.2(b); and for failing to seek a downward departure pursuant to U.S.S.G. § 5K2.0 because of post-conviction rehabilitation and extraordinary family circumstances.

The Government has filed an Answer and Motion to Dismiss (Docket No. 6) which, for the reasons set forth below, should be granted.

### BACKGROUND

On May 6, 1998, Maccune pled guilty to Count Two of a two count indictment charging him with possession with intent to distribute 103 kilograms of cocaine and 648 kilograms of marihuana. The first count of the indictment charged Maccune with conspiracy to possess these drugs. Maccune's guilty plea was part of a plea agreement (Docket No. 36 in Criminal No. B-98-

158) which called for a dismissal of Count One of the indictment. The plea agreement also called for the Government to recommend that Maccune be given credit for acceptance of responsibility and that he be sentenced at the low end of the Guidelines. Maccune agreed to cooperate in the prosecution of other cases. In return for this cooperation, the Government agreed to withdraw a request for enhancement of his sentence and also agreed to recommend a reduction of up to fifty (50) percent of his sentence commensurate with his truthfulness and degree of cooperation.

On July 16, 1998, Maccune was sentenced to serve 112 months. His sentence also included a five year supervised release term and a $100.00 special assessment (Sentencing Transcript Cr. No. B-98-158)[1].

## RECOMMENDATION

Many of Maccune's claims are factually untrue.

A reading of the sentencing transcript shows that his attorney did in fact urge the court to reduce his sentence by one half for substantial performance of the cooperation agreement. (Sentencing Transcript pp. 2-3).

The transcript also reveals that counsel challenged the computation of the criminal history category by the probation officer. (Sentencing Transcript p. 2). Because of a conviction in Michigan for delivery of a controlled substance, the probation officer scored Maccune's criminal history as 2. This resulted in a Criminal History Category III.

Maccune's counsel objected to this scoring at the time the Presentence Report (Presentence Report p.13) was filed and again at sentencing on the grounds that at the time the offense made

---

[1] The sentencing transcript erroneously states that the cause is Civil Action No. B-98-158.

2

the basis of the charges in Brownsville, Maccune's Michigan case was on appeal. Subsequently that conviction was affirmed. However, U.S.S.G. § 4A1.2(l) speaks to this very issue stating that sentences under appeal are still considered in calculating the criminal history.

Maccune argues that his counsel was ineffective for failing to argue that the sentence should be reduced because Maccune played a "minor role" in the offense. A review of the facts of Maccune's offense (Rearraignment Transcript in Cr. No. B-98-158 pp. 34-36) presented by the Assistant United States Attorney, and not objected to by Maccune, reflects that his role in the offense was anything but minor. These facts were also detailed in the Presentence Report (pp. 3-5) and were admitted by Maccune to the Probation Officer who prepared the report. (Presentence Report p. 6).

Maccune was not entitled to a downward adjustment for a minor role in the offense. *United States v. Brown*, 54 F.3d 234 (5th Cir. 1995).

Maccune also claims that his attorney did not seek a downward departure for post conviction rehabilitation and extraordinary family circumstances. This claim is false. Sheldon Weisfeld, Maccune's trial counsel made an impassioned plea (Sentencing Transcript pp. 4-8) for a reduction based on threats and family concerns.

A complete review of the criminal file in Maccune's case and the claims made in the § 2255 petition shows that Maccune's trial counsel performed at a high level. This performance greatly exceeded the minimum standards required by *Strickland v. Washington*, 466 U.S. 668 (1984). Maccune was caught dead to rights in a substantial drug case. Because of his criminal history he was facing 240 months imprisonment. (Presentence Report p. 10). His attorney was successful in negotiating a deal which resulted in a 112 month sentence. There is simply no basis

3

for Maccune to argue that his counsel was ineffective.

IT IS THEREFORE RECOMMENDED that the Government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Danny L. Maccune's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of April, 2000.

_____
John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com